IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,  )
                           )
            Plaintiff,     )
                           )
vs.                        )    No. CR-13-266-C
                           )
KEVIN DARNELL RICHARDSON, JR., )
                           )
            Defendant.     )

MEMORANDUM OPINION AND ORDER

On September 21, 2013, a branch of Arvest Bank was robbed. On October 19, 2013, a branch of the Bank of Oklahoma was robbed. On October 30, 2013, an application for search warrant was presented to Magistrate Judge Suzanne Mitchell, who issued a search warrant on that same day. The warrant was executed and evidence was seized. Defendant Kevin Darnell Richardson, Jr., was indicted and charged with violations of 18 U.S.C. § 2113(a) for both robberies. Mr. Richardson, through counsel, now seeks an order suppressing the physical evidence and fruits thereof obtained as a result of the search warrant, alleging an unconstitutional search and seizure.

In support of his motion, Mr. Richardson challenges the affidavit offered in support of the search warrant, arguing that the affidavit failed to present exculpatory evidence to Judge Mitchell. Specifically, Mr. Richardson argues that the application for the search warrant was premised on information obtained from a caller to the FBI, but the affidavit failed to identify other calls made to the FBI which suggested that the perpetrator of the bank robberies was an individual other than Mr. Richardson. Mr. Richardson argues that

the affidavit provides no supporting information for how the caller identified Mr. Richardson as the perpetrator, nor does it offer any explanation as to what steps were taken by the FBI to verify the truthfulness of the information offered by the caller. Finally, Defendant also challenges the seizure of a firearm, arguing that it was outside the scope of the warrant. Mr. Richardson requests the Court to conduct a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), so that he may challenge the factual issues underlying the search warrant.

> A search warrant must be voided and the fruits of the search suppressed where a court (1) finds that the affiant knowingly or recklessly included false statements in or omitted material information from an affidavit in support of a search warrant and (2) concludes, after excising such false statements and considering such material omissions, that the corrected affidavit does not support a finding of probable cause.

United States v. Garcia-Zambrano, 530 F.3d 1249, 1254 (10th Cir. 2008).

Here, even were the Court to accept that the omitted information–that other callers identified potential suspects other than Defendant–was material, Defendant cannot demonstrate that adding that information to the application for search warrant would have prevented a finding of probable cause. The affidavit noted the caller recognized the suspect from the clothes he was wearing, his face in the surveillance photo, the way he was holding his telephone, and a unique scar on his right hand. Following that call, the caller was interviewed by the FBI and shown surveillance photos from the September 21, 2013, casing of the Belle Isle Arvest Bank; the September 21, 2013, robbery of the Arvest Bank; and the robbery of the Bank of Oklahoma. The caller identified Defendant as the bank robber and

indicated he had known him for approximately ten years. The caller also explained to the FBI that he knew of three additional people who recognized Defendant as the bank robber from the Bank of Oklahoma robbery. Finally, the caller provided information that the Defendant always had a red and black cell phone; that he had a scar on his right hand; and that the brown hoodie seen at the Bank of Oklahoma robbery is the same hoodie worn by the female during the casing. The caller also identified the multi-colored pants worn by the female and provided information as to where and when these clothes were obtained, as well as the gray Starter sweatpants the robber was wearing. The caller also identified Defendant's address as being an apartment. The FBI agent then confirmed that the apartment was rented by Defendant's girlfriend or wife, and that Defendant's car was parked in the apartment lot on October 30th.

Thus, the Court finds it clear that the search warrant was supported by an affidavit which demonstrated probable cause, and that the omission of other callers to the FBI's tip line identifying suspects other than Defendant does not undermine that determination.

Defendant also seeks to suppress the seizure of a firearm which was located during the execution of the search warrant. As Defendant notes, the search warrant did not describe or suggest that a firearm would be found during the search. There is nothing in either the affidavit or the description of the manner in which the crimes were committed to support that a firearm was either used in or carried during the commission of the crime. The search warrant as issued described the evidence subject to seizure as "[c]lothing worn

3

during the casing and robbery of two banks." The warrant then more specifically describes the clothing to be seized. Defendant argues that because the officers exceeded the scope of the search warrant, suppression of all evidence seized under the warrant is required.

Defendant's request for a blanket suppression will be denied. As the Tenth Circuit has noted, only "[i]n very rare cases" should a Court "appl[y] the unusual remedy of blanket suppression." United States v. Le, 173 F.3d 1258, 1269 (10th Cir. 1999). It is only where there is no attempt made to substantiate a connection between the seizure of the majority of the seized items and the terms of the warrant that a blanket suppression is warranted. United States v. Foster, 100 F.3d 846, 850 (10th Cir. 1996). This is so because it is only in those instances that the warrant is converted to an impermissible general warrant.

Here, the facts do not support finding the officers engaged in such a broad search. Rather than searching for any item of value or seizing anything of interest to the officers, the execution of the search warrant was limited to a search for the items specifically identified in the warrant. The firearm was located in a place where a reasonable officer would search for items identified in the warrant. While the seizure of the firearm may have been improper, the search was not so broad-based as to constitute a general warrant. Consequently, the extreme remedy of blanket suppression is not warranted. Rather, the Court finds that the seizure of the firearm and any reference to the existence of the firearm should be suppressed.

For the reasons set forth herein, Defendant's Motion to Suppress Evidence (Dkt. No. 15) is GRANTED IN PART and DENIED IN PART. To the extent Defendant challenges the seizure of the firearm, his motion is granted, and evidence or mention of that item will be excluded from trial. In all other respects, the motion is denied.

IT IS SO ORDERED this 20th day of December, 2013.

ROBIN J. CAUTHRON
United States District Judge